MICHAEL J. KHOURI, ESQ. [CASBN 97654]
E-mail:  mkhouri@khourilaw.com
STEVEN D. FINLEY, ESQ. [CASBN 333011]
E-mail:  sfinley@khourilaw.com
KHOURI LAW FIRM, APC
2222 Martin, Suite 215
Irvine, California 92612
Telephone:  (949) 336-2433
Fax:            (949) 387-0044

Attorneys for defendant, ALFREDO BUENO VILLA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>ALFREDO BUENO VILLA,<br><br>　　　　　　　　　　Defendant. | Case No. 3:20-cr-2670-BAS-1<br><br>Honorable Cynthia Bashant, Judge<br><br>**DEFENDANT ALFREDO BUENO VILLA'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAVIER BUENO VILLA, SERGIO BUENO VILLA, AND JAVIER BUENO FIERRO IN SUPPORT; REQUEST FOR EVIDENTIARY HEARING**<br>[Fed.R.Crim.P.33]<br><br>Hearing Date: 04/18/2022<br>Time: 9:00 a.m.<br>Place: Courtroom 4B, 4th Floor<br>　　　　 Edward J. Schwartz<br>　　　　 United States Courthouse<br>　　　　 221 West Broadway<br>　　　　 San Diego, CA 92101 |

1

**DEFENDANT ALFREDO BUENO VILLA'S MOTION FOR NEW TRIAL**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this motion, defendant ALFREDO BUENO VILLA (the "Defendant") moves for a new trial based on newly discovered evidence. The defendant also requests an expedited evidentiary hearing on this motion.

The defendant will present newly discovered evidence. The new evidence is that Defendant's brother, Javier Bueno Villa, secretly planted controlled substances in Defendant's vehicle without Defendant's knowledge. The planting of the controlled substances was accomplished by Javier in concert with other Mexican nationals.

The new evidence was discovered when Javier recently confessed to family members. The sworn declarations of Javier Bueno Villa, Sergio Bueno Villa (Defendant's older brother), and Javier Bueno Fierro (Defendant's father) are attached as **Exhibits 1** - **3**.

## II. RELEVANT FACTS AND PROCEDURAL SUMMARY

On July 22, 2021, a jury convicted Defendant of importing controlled substances into the United States. The controlled substances were discovered during a routine x-ray inspection of the defendant's truck. The substances were hidden in the speaker box compartment located in the cab of Defendant's truck.

On December 6, 2021, Defendant's family had a meeting. Javier Decl.¶ 10. At the meeting, Defendant's brother Javier confessed to planting the drugs in Defendant's vehicle without Defendant's knowledge or participation. Javier's confession was heard by and in the presence of Defendant's other brother Sergio and Defendant's father, whose name is also Javier.

All three family members now submit signed declarations in support of this action.

//
//

2

**DEFENDANT ALFREDO BUENO VILLA'S MOTION FOR NEW TRIAL**

### III. THE COURT SHOULD GRANT DEFENDANT'S MOTION FOR NEW TRIAL BECAUSE JAVIER PLANTED THE SUBSTANCES IN DEFENDANT'S TRUCK WITHOUT DEFENDANT'S KNOWLEDGE OR PARTICPATION.

In *Wright v. United States*, the Ninth Circuit established a five-part test for the granting of a new trial based on newly discovered evidence  As will be demonstrated below, this case satisfies thee five-part in Wright.[1]
*See Wright v. United States*, 353 F.2d 362, 365 (9th Cir. 1965).   In order for this motion to be granted, the defendant must show:

(1) Javier's admission is newly discovered;

(2) defendant has been diligent;

(3) the new evidence is not merely cumulative or impeaching;

(4) the new evidence is material; and

(5) the new evidence would probably result in acquittal.

#### 1. The Admission of Guilt Is Newly Discovered

Javier's admission is clearly newly discovered.   The admission of guilt was made for the first time on December 6, 2021 at a meeting of the Bueno Villa family.  There is no evidence to indicate that Javier's scheme had been uncovered by anyone any earlier than the December 6, 2021 meeting.

#### 2. The Defendant Has Acted With Diligence.

The defendant has acted with diligence throughout this proceeding.  Any claim to the contrary is simply false.

Indeed, Javier concealed his scheme from law enforcement, defense investigators, and the rest of his family.  He did so by hiding in Mexico while his brother traveled back to Southern California. Javier Decl. ¶8.  After 18 months had passed, Javier confessed apparently out of all consuming guilt and remorse.  Until

---

[1] Any motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilty. (*See* Fed. R. Crim. P. 33(b)(1)).  This motion complies with that condition.

3
**DEFENDANT ALFREDO BUENO VILLA'S MOTION FOR NEW TRIAL**

now, Javier has kept his actions secret from the world in order to prevent legal consequences and family shame.

Turning to a related matter, the issue of diligence warrants a discussion of prior counsel's questionable actions during representation of Defendant. The Government may make the baseless claim that Javier's confession should be have been discovered earlier (although the point of this exercise is justice rather than winning). The claim raises the important issue of the fitness and competency of Defendant's prior lawyer. The Court should recall how, despite the requests by the Khouri Law Firm to obtain prior counsel's file, the requests apparently fell on deaf ears. Indeed, the Court needed to *order* prior counsel to turn over the file to Mr. Khouri's firm. Quite frankly, while pieces of paper were turned over to the Khouri Law Firm, it is far from a legal file. The file was no more than a binder of discovery printed out from the digital media already provided by the Government. It contains no written fee agreement, no client contact information, and no evidence that Defendant was ever informed of the original offer by the Government, to which Defendant claims was never communicated.

This pattern of behavior raises the sensitive but important issue of prior counsel's impairment. The California State Bar website indicates that former counsel was disciplined in 2014 for violating California Vehicle Code Section 21352(a)(b), operating a motor vehicle with a blood alcohol concentration over .08%. As the State Bar noted, this was not prior counsel's first but – second – violation for driving under the influence.[2] According to Defendant, prior counsel exhibited signs of alcohol dependence and withdrawal. His hands were shaking; he never drove himself, instead choosing a ride-sharing service such as Uber or Lyft, and at times seemed disheveled. A day before trial, another lawyer named George Siddell, who for all intents and purposes appeared as a complete unknown

---

[2] *See* (State Bar of California Attorney Profile Jacob Prescott Austin #290303) "https://apps.calbar.ca.gov/courtDocs/14-C-04655-1.pdf"

4
**DEFENDANT ALFREDO BUENO VILLA'S MOTION FOR NEW TRIAL**

to Defendant, showed up to conduct the trial.  Defendant had never exchanged more than formalities with Mr. Siddell and was under the belief that Attorney Austin would be his attorney at trial.

Mr. Siddell was never officially authorized to represent Defendant and there is no written fee agreement in the case file as required. (*See* Bus. & Prof. Code 6148).  With little time left before trial, Defendant had no choice but to accept the circumstances that were presented.  There were no meaningful conferences with the new attorney, only rapid and hushed breaks during the trial.   The lawyer-client relationship is not like a baseball manager's visit to the mound while the pitcher is faltering, but that appears to be what we have in this case.

In conclusion, it is highly unlikely that even if Defendant, or prior counsel, would have been able to interview Javier that the truth could have been discovered. It appears that only the crushing guilt and sleepless nights were the reason for Javier finally coming forward.  At the same time, Defendant was as diligent as could be given the questionable representation by prior counsel and a brother's desire to avoid life-changing consequences.  Therefore, the Court should find that Defendant has been diligent in relation to the newly discovered evidence.

### 3. **The Evidence Is Not Merely Cumulative Or Impeaching.**

One of the factors to justify a new trial is the new evidence is not related to impeachment. There can be no question that the evidence is unrelated to impeachment. The evidence is not cumulative because it does not add to a fact already presented at trial. In fact,  it directly contradicts an inference at trial that Defendant had knowledge of the drugs in his vehicle.

### 4. **The Evidence Is Material.**

The terms materiality and relevance are often used interchangeably. Obviously, Javier's testimony at a new trial would be material since Javier's admission of guilt makes it more probable that Javier, not the Defendant, is responsible for the illegal transport of drugs.  Indeed, the Ninth Circuit so held in

5

**DEFENDANT ALFREDO BUENO VILLA'S MOTION FOR NEW TRIAL**

*United States v. Espinoza,* 880 F.3d 506, 514 (9th Cir. 2018), "Given the circumstances, evidence tending to show that someone else may have packed [Defendant]'s truck without [his] knowledge is relevant."

The Government might put forth the claim that the motive for Javier's confession is misguided family loyalty. Unfortunately for the Government, this argument was rejected in the Ninth Circuit in *United States v. Paguio*, 114 F.3d 928,930 (9th Cir. 1997).

In that case, the trial court wrongly excluded a father's statement that his son was not the individual who filled out a fraudulent loan application. The Ninth Circuit overturned and correctly noted that whether or not the father was truthful is a jury issue.

### 5.  The Evidence Would Probably Result In Acquittal.

Due to Javier's acceptance of responsibility for the illegal narcotics, the new evidence makes it much more likely that a jury would have found that Defendant never intended to import illegal drugs. At the very least, these new revelations and sworn declarations create reasonable doubt about the defendant's culpability, and therefore, the jury would have likely acquitted the defendant. Javier's admissions undercut the Government's argument in relation to Defendant. There is a high probability the jury would have found that Defendant ultimately had no role, did not intend to transport illegal narcotics, and would not have been held responsible for the charges.

### IV.  THE COURT SHOULD GRANT AN EVIDENTIARY HEARING BECAUSE DEFENDANT'S CLAIM IS BASED ON MATTERS OUTSIDE COURT RECORDS AND EVENTS

An evidentiary hearing is ordinarily required if the motion states a claim based on matters outside the record or events outside the courtroom. *See United States v. Burrows,* 872 F.2d 915, 916 (9th Cir.1989). Defendant is requesting an evidentiary hearing after learning of newly discovered evidence of being used as a blind mule by his brother.

A declaration has been signed by Javier, where he admits he worked with individuals in Mexico to hide drugs in Defendant's vehicle. Javier Declaration, ¶ 6. Javier's admission is most certainly outside of the courtroom, and therefore Defendant should be granted an evidentiary hearing.

## V.  CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court grant a new trial based on the newly discovered evidence that Defendant had no knowledge of drugs in his vehicle

Respectfully submitted,

Dated: January 12, 2022    KHOURI LAW FIRM, APC

By:    */s/ Michael J. Khouri*
MICHAEL J. KHOURI
Email: mkhouri@khourilaw.com
STEVEN D. FINLEY
Email: sfinley@khourilaw.com
2222 Martin, Suite 215
Irvine, CA 92612
*Attorney for defendant,*
ALFREDO BUENO VILLA