RANDY S. GROSSMAN
United States Attorney
JENNIFER E. MCCOLLOUGH
AMY B. WANG
Texas/California State Bar No. 24099903/306459
Assistant United States Attorneys
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-6968
Email: Amy.Wang@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO BUENO VILLA,<br><br>Defendant. | Case No. 20-CR-2670-BAS<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL AND REQUEST FOR EVIDENTIARY HEARING**<br><br>Date: March 28, 2022<br>Time: 2:45 PM |

**I**

**INTRODUCTION**

The Court should deny the Motion for New Trial recently filed by Defendant, Alfredo Bueno Villa, ECF No. 68, because he has not met his burden under Federal Rule of Criminal Procedure 33 to warrant a new trial based on newly discovered evidence—his brother's confession of responsibility for the offense. Defendant has provided three declarations in support of his Motion but the information contained in these declarations is not "newly discovered" as required by Rule 33, nor is it sufficiently credible to overturn the results of Defendant's trial. Furthermore, Defendant fails to show that he could not

have discovered the evidence through due diligence. To the extent, Defendant raises issues of prior counsel's performance to explain why the information was not discovered sooner, Defendant's ineffective assistance of counsel claims are not properly brought in a motion under Rule 33. For these reasons, Defendant's Motion for New Trial should be denied.

## II

## STATEMENT OF THE CASE AND FACTS

The Court is familiar with this fact pattern: on August 9, 2020, Defendant applied for entry into the United States through the Calexico, California East Port of Entry, as the driver and registered owner of a 2016 Ram 3500 truck. *See* Ex. 1 at 14, 16, 110 (Trial Transcript). At the time Defendant drove the vehicle into the United States at the Port of Entry, there were 172 packages containing 88 kgs (193.6lbs) of pure methamphetamine and 3.63 kgs (7.986 lbs) of fentanyl pills concealed inside a speaker box in the bed of the truck. *Id.* at 50, 58–59. Upon discovery of these drugs, Defendant was arrested and subsequently indicted on two counts of importation of a controlled substance, in violation of 21 U.S.C. §§ 952, 960. ECF No. 16.

The Parties proceeded to jury trial on July 21, 2021. ECF No. 49. On July 22, 2021, the jury convicted Defendant on both counts. ECF No. 52. After trial, Defendant retained present counsel and filed the instant Motion for New Trial. ECF Nos. 56, 68. In the Motion for New Trial, Defendant asserts that his older brother, Javier, met with other family members on December 6, 2021, and for the first time, confessed to planting the drugs in Defendant's trunk without Defendant's knowledge or participation. ECF No. 68 at 2; ECF No. 68-2 at 3. Defendant attaches declarations from Javier, his father, and another brother, in support of the Motion. ECF No. 68-2.

# III

## LEGAL STANDARD

Upon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires, including on the grounds of newly discovered evidence. Fed. R. Crim. P. 33(a), (b)(1). In order to make out a motion for new trial based on newly discovered evidence, the defendant must show that:

> (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; and (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal.

*United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir. 1995).

Newly *available* evidence does not constitute newly *discovered* evidence. *United States v. Lockett*, 919 F.2d 585, 591 (9th Cir. 1990) (emphasis added); *see also United States v. Diggs*, 649 F.2d 731, 740 (9th Cir. 1981), *cert. denied*, 451 U.S. 970 (1981), *overruled on other grounds* ("When a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered'"). Moreover, the trial judge has broad discretion to decide whether the alleged new evidence is sufficiently credible to support a motion for new trial. *Diggs*, 649 F.2d at 740; *see also United States v. Schoepflin*, 442 F.2d 407 (9th Cir. 1971) (upholding denial of motion for new trial based on alleged new evidence that prison inmates would testify that the "true bank robber" had confessed, finding witnesses' testimony to be "unworthy of belief").

Finally, the decision whether to hold a hearing on a motion for new trial is also within the broad discretion of the trial judge. *United States v. Alexander*, 695 F.2d 398, 402

(9th Cir. 1982). "Although defendants are tireless in seeking new trials on the ground of newly discovered evidence, motions on this ground are not favored and are viewed with great caution." Wright, Federal Practice and Procedure: Criminal 2d §557 (West 1982).

## IV

## ARGUMENT

Defendant's Motion for New Trial does not meet the burden to warrant a new trial under Rule 33. Specifically, Defendant's proffered "newly discovered evidence" does not meet the first two prongs of the five-factor test for a new trial, namely: (1) the evidence must be "newly discovered" and (2) the failure to discover the evidence sooner was not the result of lack of diligence. Here, Javier's admission is not "newly discovered" and even so, the declarations are not sufficiently credible to warrant a new trial. Notwithstanding the first factor, Defendant also cannot show that the failure to discover such evidence was not from a lack of diligence, especially considering he obtained this information from his own family members.

A.   **Javier's Admission Is Not Newly Discovered Evidence**[1]

Defendant seeks to present his older brother's—Javier's—admission as newly discovered evidence when the caselaw is clear that such evidence is not newly discovered,

---

[1] For the purposes of this section, the United States accepts for the sake of argument the statements in the declarations attached to a Defendant's Motion for New Trial to be true. However, the United States does not believe the declarations to be sufficiently credible. *See Schoepflin*, 442 F.2d 407. For example, Javier, Defendant's older brother, and Defendant's father state that they are not fluent in English and relied on the third declarant, Sergio, Defendant's younger brother, to translate the declarations for their signatures. ECF 68-2 at 3, 9. Sergio's declaration states that he fully and accurately translated the declarations from English to Spanish before they were signed by the other two. However, Sergio's declaration does not include any statement attesting to his own English fluency, or explain any training and experience to demonstrate his ability to reliably translate English to Spanish. Therefore, the Court should not find these declarations sufficient evidence to warrant a new trial.

only newly available. This situation is analogous to the circumstances of *United States v. Diggs*, where a co-defendant's exculpatory testimony is not "newly discovered" even though he had kept silent before. 649 F.2d at 740. Similarly, in *United States v. Lockett*, after being convicted at trial, the defendant provided an affidavit proffering exonerating information. 919 F.2d at 591. However, the Ninth Circuit declined to extend the "newly discovered" rule to "newly available" evidence and agreed that "a court must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify." *Id.* (quoting *United States v. Jacobs*, 475 F.2d 270, 286 n.33 (2nd Cir. 1973)).

This case is analogous to *Diggs* and *Lockett* in that Javier's involvement in the offense, if accepted to be true, existed all along. Javier states in his declaration, "Fearing the consequences of my actions, I kept this information to myself after Alfredo's arrest and throughout his criminal proceedings." ECF No. 68-2 at 3. Defendant argues there "is no evidence to indicate that Javier's scheme had been uncovered by anyone any earlier than the December 6, 2021 meeting." ECF No. 68 at 3. Based on this, Defendant concludes that "Javier's admission is clearly newly discovered." *Id.* However, Defendant's arguments overlook the caselaw. Indeed, Defendant acknowledges that the information regarding Javier's scheme existed prior to December 6, 2021, but simply because Javier did not avail himself to testify or accept responsibility until now does not render this information newly discovered. This evidence is newly available and not eligible as newly discovered evidence under Rule 33.

This case is also analogous to *United States v. Kamel*, 965 F.2d 484 (7th Cir. 1992). Although *Kamel* is not binding on this Court, the facts and the 7th Circuit's reasoning are persuasive. In *Kamel*, the defendant, Kamel, was convicted related to a fire that destroyed his food and liquor store in Chicago. *Id.* at 485. Post-conviction, Kamel moved for a new trial, in part based on his brother's alleged confession and acceptance of full responsibility for the fire. *Id.* at 490. The *Kamel* Court held that Kamel failed to meet the first requirement for a new trial because Kamel's suspicions and actual knowledge of his brother's involvement were established by the evidence in the record.

Here, Defendant likely had at least suspicions of his brother's culpability by the time his trial began. During his testimony, Defendant stated that he took his truck to an audio repair shop at the recommendation of Javier. Ex. 2 at 30–31 (Trial Transcript). Javier's declaration states that he specifically recommended an audio repair shop that he "knew smuggled drugs in the vehicles they serviced." ECF No. 68-2 at 2. Defendant knew that drugs were ultimately found in the speaker box that the audio repair shop supposedly serviced, and so logic follows that Defendant also knew that his brother was directly connected to the fact that the audio repair shop concealed drugs in his car.

Because Javier's involvement in and responsibility for the offense was apparent and available as early as August 9, 2020, the date of Defendant's arrest, the exculpatory information in his declaration submitted on January 3, 2022, over five months after Defendant's conviction, cannot be qualified as "newly discovered evidence."

//

//

//

B.  **Defendant's Cannot Show that the Failure to Discover this Evidence Was Not from Lack of Diligence**

Relatedly, Defendant cannot meet the second prong to show that he has acted diligently. As stated above, Defendant knew that his brother's recommendation of audio repair shops ultimately led to his arrest for the importation of controlled substances on August 9, 2020. Yet Defendant does not state any attempts to confront Javier regarding his involvement in the offense.

Again, *Kamel* is instructive on this point. Defendant Kamel "undertook little or no effort, prior to trial, to obtain the evidence" he later sought to offer in his defense in a motion for a new trial. 965 F.2d at 493. "If there is possible evidence which would exonerate a defendant, he may not simply ignore it, awaiting the outcome of the trial and having the opportunity of using that evidence later for a second chance for acquittal." *Id.* The *Kamel* Court held that Kamel did not show the requisite due diligence to justify granting the motion for new trial. *Id.*

In this case, the declarations from Defendant's family noticeably do not mention any efforts to contact Javier during the year between Defendant's arrest and trial. Defendant merely rests on his claim that Javier "concealed his scheme . . . by hiding in Mexico." ECF No. 68 at 3. To the contrary, Javier's crossing history shows that he crossed from Mexico into the United States 17 times between Defendant's arrest and the first day of Defendant's trial. Ex. 3 (TECS Records). In fact, the declarations state that Javier now lives with their parents in Yuma but do not clarify when he moved into their house or any measures Javier took to avoid discussing Defendant's case. *See* 68-2 at 2, 5, 8. It is also worth noting that Defendant was on bond during the pre-trial phase of his case for nearly a year. Defendant

himself was available to communicate with his family members and assist his legal team to investigate possible theories of defense.

Whereas Defendant conclusively alleges that he has acted with diligence, ECF No. 68 at 3, he provides no evidence of diligence. Therefore, Defendant fails to meet the second factor to warrant a new trial.

### C. Prior Counsel's Performance Is Not a Factor Under Rule 33

As to the diligence factor, Defendant focuses primarily on "prior counsel's questionable actions during representation of Defendant." ECF No. 68 at 4. It is clear from his arguments that Defendant is preoccupied in retrospect by the lack of diligence and disorganization of his prior counsel. *See id.* at 4–5. Even though he argues the "newly discovered evidence" could not have been discovered through due diligence, he nonetheless relies heavily on allegations of misconduct by trial counsel. *Compare id.* at 4 ("The defendant has acted with diligence throughout this proceeding") *with id.* at 5 ("the issue of diligence warrants a discussion of prior counsel's questionable actions during representation of Defendant."). Notwithstanding the contradictory nature of these arguments, Defendant concludes that he was as diligent as could be given the questionable representation by prior counsel." *Id.* at 5. If Defendant actually intends to present an ineffective assistance of counsel claim, the appropriate avenue is on direct appeal or in a habeas petition under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal). Rule 33 does not provide cause for a new trial based on counsel's

performance; Defendant cannot properly move for a new trial under Rule 33 on such grounds.

**D.   The United States Does Not Oppose an Evidentiary Hearing**

Ultimately, this issue is within the Court's broad discretion. Should the Court find that an evidentiary hearing is necessary in light of the Parties' briefing, the United States would not oppose setting one, as long as Defendant's proposed witnesses are willing to testify. In the event Defendant anticipates calling Javier to testify, Javier should be appointed counsel, or be advised to obtain counsel, to ensure that he is properly advised of his Fifth Amendment rights against self-incrimination.

# V
# CONCLUSION

For the foregoing reasons, the United States requests the Court deny Defendant's Motion for New Trial.

DATED: March 14, 2022                    Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Jennifer E. McCollough*
JENNIFER E. MCCOLLOUGH
Assistant United States Attorney

*/s/ Amy B. Wang*
AMY B. WANG
Assistant United States Attorney