MICHAEL J. KHOURI, ESQ. [CASBN 97654]
E-mail: mkhouri@khourilaw.com
STEVEN D. FINLEY, ESQ. [CASBN 333011]
E-mail: sfinley@khourilaw.com
KHOURI LAW FIRM, APC
2222 Martin, Suite 215
Irvine, California 92612
Telephone:  (949) 336-2433
Fax:            (949) 387-0044

Attorneys for defendant, ALFREDO BUENO VILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO BUENO VILLA,<br><br>Defendant. | Case No. 3:20-cr-2670-BAS-1<br><br>Honorable Cynthia Bashant, Judge<br><br>**DEFENDANT ALFREDO BUENO VILLA'S REPLY TO OPPOSITION TO MOTION FOR NEW TRIAL**<br><br>Date: March 28, 2022<br>Time: 2:45 PM<br>Place: Courtroom 4B, 4th Floor<br>        Edward J. Schwartz<br>        United States Courthouse<br>        221 West Broadway<br>        San Diego, CA 92101 |

///

///

///

1

**DEFENDANT ALFREDO BUENO VILLA'S REPLY TO OPPOSITION TO MOTION FOR NEW TRIAL**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In opposing defendant ALFREDO BUENO VILLA's ("Defendant") Motion for New Trial, the Government does not dispute that the sworn confession of Defendant's brother, Javier Bueno Villa ("Javier"), meets the third, fourth, and fifth requirements of Fed. R. Crim. P. 33—*i.e.,* evidence of Javier's confession is not merely cumulative or impeaching, it is material, and it would probably result in Defendant's acquittal at a new trial.  *See Wright v. United States*, 353 F.2d 362, 365 (9th Cir. 1965); *see gen.,* ECF No. 74.  Instead, the Government's sole contentions for denying a new trial are that: Javier's confession on December 6, 2021, whereby he—for the first time—told his father and younger brother that he committed the crime Defendant was convicted of, does not constitute "newly discovered evidence" for purposes of granting a new trial; the declarations of Javier, his brother Sergio Bueno Villa, and his father Javier Bueno Fierro are not credible; and insufficient showing that failure to discover this evidence sooner was not due to Defendant's lack of diligence.  ECF No. 74 at 4-8.

As discussed below, these arguments do not justify denial of Defendant's Motion because they largely rely on factually inapposite authorities, and ultimately overlook that "[a] motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial court and *may be granted if required in the interest of justice.*"  *United States v. Eldred*, 588 F.2d 746, 753 (9th Cir. 1978) (emphasis added; quotation marks omitted).

## II.  ARGUMENT

### A.  Javier's Confession Constitutes Newly Discovered Evidence

As to the first requirement of Rule 33, the Government's reliance on the Ninth Circuit's opinions in *United States v. Diggs* and *United States v. Lockett*, is misplaced, as both these cases involve exculpatory testimony by a *co-defendant*, previously withheld under the privilege against self-incrimination, and presented

only *after* the co-defendant's conviction.  *See United States v. Diggs,* 649 F.2d 731, 740 (9th Cir. 1981); *United States v. Lockett*, 919 F.2d 585, 591 (9th Cir. 1990). The same distinction is also present in the Seventh Circuit's opinion in *United States v. Kamel*, which the Government cites for its perceived persuasive value.  ECF 74 at 6-7; *see United States v. Kamel,* 965 F.2d 484, 487 (7th Cir. 1992).[1]  In such circumstances, courts "must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a codefendant, since convicted, had availed himself of his privilege not to testify." *Lockett*, 919 F.2d at 592; *see Diggs,* 649 F.2d at 740 ("When a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered.'").

This limitation on what constitutes "newly discovered evidence" warranting a new trial is consistent with the interests of justice, as it prevents criminals—who previously withheld the proffered exculpatory evidence—from attempting to exonerate their co-defendants after they, themselves, have already been convicted. It does not, as the Government suggests, limit "newly discovered evidence" to only those that did not exist at the time of trial.  Quite the contrary, "newly discovered evidence" by definition means evidence that existed at an earlier time but was not discovered by the defendant. *Kamel* 965 F.2d at 492, fn. 15. The limitation on accepting post-conviction exculpatory statements by a codefendant as "newly discovered evidence" justifying a new trial, primarily arises from the lack of credibility inherent in such statements; not whether the underlying facts existed at the time of trial.  *See Kamel*, 965 F.2d at 494, fn. 26 (citing *Diggs,* 649 F.2d at 740, and *Lockett*, 919 F.2d at 592).  The Seventh Circuit expressly notes as such:

---

[1] *Kamel* is also distinguishable in that unlike here—where Defendant has presented the sworn declaration of Javier confessing to the crime Defendant was convicted of—there was no affidavit from the codefendant of his confession in the record, "nor even a suggestion that he intend[ed] to testify." *Kamel* 965 F.2d at 491.

3
**DEFENDANT ALFREDO BUENO VILLA'S REPLY TO OPPOSITION TO MOTION FOR NEW TRIAL**

[Codefendant's] purported confession, coming after his conviction and shortly before sentencing, when he has relatively little to lose by accepting full responsibility for the [crime], is far less credible. It is likely that the jury would see the offer of the confession as nothing more than brotherly loyalty, with [codefendant] taking full blame for a crime for which he, as well as his brother, has already been convicted.

*Kamel* 965 F.2d at 494-495.

No such concerns exist in the present matter. Unlike in *Diggs* and *Lockett*, Javier was not charged as a codefendant in this case, let alone convicted. As such, he has everything to lose from accepting sole responsibility for Defendant's charged conduct, and nothing to gain from doing so—except perhaps easing his guilty conscience. *See* ECF 68-2 at ¶¶ 9-11. The Government's asserted position is contrary to that of various federal circuit courts which recognize that "[n]o one can doubt that a confession by another party to the crime for which the [defendant] has been tried and convicted, if discovered after conviction, would be grounds for a new trial." *Casias v. United States,* 337 F.2d 354, 356 (10th Cir. 1964), *superseded by statute on other grounds as stated in Darwich v. United States,* 2019 U.S. App. LEXIS 37622, at *4 (6th Cir. Dec. 18, 2019); *see DeBinder v. U.S.,* 303 F.2d 203, 204 (D.C. Cir. 1962) ("The credible confession of another to the commission of a crime for which an accused has been convicted is, of course, sufficient ground for a new trial."). Thus, whether to grant or deny Defendant's request for a new trial based on the confession of a third party—who is *not* a codefendant—should be determined based on the district court's evaluation of the credibility and integrity of such confession. *See Casias* 337 F.2d at 356 ("The integrity of the confession is a matter within the province of the trial Court.").

In this regard, there is no reason—at this point—to doubt the credibility of Defendant's father and younger brother, as they are ultimately facing the same pain and anguish associated with having a son and brother commit a federal crime.

4
**DEFENDANT ALFREDO BUENO VILLA'S REPLY TO OPPOSITION TO MOTION FOR NEW TRIAL**

Similarly, to the extent that the Government challenges the credibility of Javier and Defendant's father's declarations based on a presumed language barrier (*see* ECF 74 at 4, fn. 1)—or any other basis—such issues can be fully addressed during the evidentiary hearing for which Defendant has subpoenaed Javier, as well as Defendant's father and younger brother, and has coordinated to have a Spanish interpreter present at the hearing.  *See* Finley Decl. ¶ 4, Ex. A.

### B. Failure to Discover Javier's Culpability Before Trial Was Not Due to Defendant's Lack of Diligence

Given that—as demonstrated above—Javier's confession constitutes newly discovered evidence, the appropriate inquiry on Defendant's motion is whether Defendant was aware of this evidence before trial, and if not, whether the failure to discover this evidence at trial was caused by Defendant's lack of diligence.  *See Kamel* 965 F.2d at 492, fn. 15.  In this regard, the Government's reliance on *Kamel* to challenge Defendant's showing of diligence suffers from the same factual distinctions previously discussed: since the exculpatory evidence was presented by a *codefendant* charged with the same crime, the defendant in *Kamel*—as well as the defendants in *Diggs* and *Lockett*—had ample reason to suspect that the codefendant had committed the crime he was charged with.  Indeed, the *Kamel* court found that the record contained "very strong evidence … to conclude that, by the date of the trial, [defendant] had actual knowledge of his brother's responsibility for starting the fire at the store." *Kamel* 965 F.2d at 491-492.  This included evidence showing that on the day before his trial was set to begin, the defendant had told his attorney that his brother, the codefendant, was responsible for setting the fire. *Id.* at 492.  There was also evidence of the defendant telling an investigator that when he arrived at the scene of the fire, his brother—the codefendant—was already there, and that per his brother's request, the defendant lied to the police about his brother's whereabouts at the time. *Id*; *see id.* at 493, fn. 19.  By contrast, no such evidence exists in this case; Javier is not a codefendant, nor did he ever tell Defendant to

5
**DEFENDANT ALFREDO BUENO VILLA'S REPLY TO OPPOSITION TO MOTION FOR NEW TRIAL**

make any false statements to the police. The fact that the repair shop used by Defendant was recommended by Javier is a far cry from the strong evidence of knowledge present in *Kamel*, and certainly not enough to impute Defendant with knowledge of Javier's culpability as the Government suggests. *See* ECF 74 at 7.

Finally, Defendant's references to his trial counsel's shortcomings are only to provide further context for why he did not learn of Javier's actions sooner; he is not seeking a new trial based on ineffective assistance of counsel, as was done by the defendant in *Kamel*. 965 F.2d at 495. As such, the Court has the discretion to consider such matters in determining whether a new trial is required in the interest of justice. *Eldred,* 588 F.2d at 753; *accord* Fed. R. Crim. P. 33(a).

## III. CONCLUSION

For the foregoing reasons, and those set forth in Defendant's moving papers, Defendant respectfully requests that the Court hold an evidentiary hearing on Defendant's motion, and grant a new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

Dated: March 23, 2022        KHOURI LAW FIRM, APC

By:   */s/ Michael J. Khouri*
      MICHAEL J. KHOURI
      Email: mkhouri@khourilaw.com
      STEVEN D. FINLEY
      Email: sfinley@khourilaw.com
      2222 Martin, Suite 215
      Irvine, California 92612
      *Attorneys for defendant*,
      ALFREDO BUENO VILLA