IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>ALFREDO BUENO VILLA (1),<br><br>Defendant. | Criminal Case No. 20-CR-2670-BAS<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO WAIVE ATTORNEY-CLIENT PRIVILEGE AND FOR DISCOVERY [ECF NO. 125]** |

Defendant has filed a Petition to Vacate his conviction and sentence based on ineffective assistance of counsel. (ECF No. 102.) According to the Petition, his attorney Jacob Austin was ineffective at trial. Specifically, Defendant alleges:

(1) He met Mr. Austin, engaged by his brother, for the first time when Mr. Austin came to his house to pick up the first half of his retainer fee. "[H]e did not stay long—just long enough to pick up the money." (Id.)

(2) "From the time [Mr. Austin] collected the first half of his fee, [Defendant] had virtually no contact" with this attorney. "He never returned my calls or

emails and refused to meet with me." "Attorney Austin did nothing on my behalf" and failed to even communicate with me. (Id.)

(3) Attorney Austin gave Defendant the wrong date for a court hearing—a month late. As a result, Defendant's pretrial officer told Defendant the Court had issued an order to detain him. The pretrial officer arranged for an emergency hearing before the Judge. (Id.)

(4) This emergency hearing was only the third time Defendant had seen his attorney—the other two times being when the attorney came by to collect money. Defendant did not see him again until the night before trial. (Id.)

(5) Despite facing a minimum mandatory sentence of ten years, Mr. Austin told Defendant that there would be no jail time for the charges. (Id.)

(6) The day before trial, Defendant "called and called" his attorney without answer. Finally, the Defendant reached Mr. Austin and convinced him to meet at Defendant's hotel before the trial. When Mr. Austin showed up later at Defendant's hotel that night, he had been drinking and "was in no condition to help me prepare for the trial." (Id.)

(7) Without the help of Mr. Austin, Defendant had arranged for ten witnesses to testify on his behalf, but the judge refused to allow them because Mr. Austin had missed a deadline to disclose them. (Id.)

(8) On the morning of trial, Mr. Austin brought in another attorney—George Siddell—to conduct the trial. Defendant "had never met or spoken with Mr. Siddell nor did Defendant give Austin permission or authority to have Siddell appear in the trial." (Id.)

(9) Defendant has since learned that the Government offered Defendant a plea deal that his attorney never communicated to him. (Id.)

The Court set the Petition for an evidentiary hearing. (ECF No. 123.)

The Government now requests discovery from attorneys Austin and Siddell. (ECF No. 125.) The Government requests "all communications, notes and records related to Defendant's claims." (Id.) Specifically, the Government requests that the Court order Austin and Siddell to provide:

> Any and all communications, notes and records in whatever form concerning the events and facts related to Defendant's claims. Such materials should include but should not be limited to any retainer agreements between counsel and Defendant, billing statements and all communications-emails, text messages, notes from phone calls etc.—between Defendant and Jacob Austin, George Siddell, or any of that counsels' associates, investigators or support staff regarding meetings, court appearances, plea offers, investigation updates and trial strategy, specifically the assistance of George Siddell and potential witnesses.

(ECF No. 125.) Defendant's current counsel opposes this request arguing that it is overbroad. (ECF No. 127).

Although an ineffective assistance claim waives the attorney-client privilege with respect to the particular claim raised by a petitioner, "the court must impose a waiver no broader than that needed to ensure the fairness of the proceedings before it." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) (en banc).

In this case, Defendant alleges that he had only four communications with Mr. Austin: two for Mr. Austin to collect money, one at an emergency court

hearing set because his attorney had given him the wrong court date, and one the night before trial when Mr. Austin had been drinking and "was in no condition" to help prepare for trial the next day. Defendant alleges he never met with Mr. Siddell and never gave permission for him to appear as trial counsel. Therefore, any communications Mr. Austin, Mr. Siddell or any of their associates, investigators or support staff had with Defendant are relevant. In addition, Defendant repeatedly claims that Mr. Austin did nothing on his behalf, never spoke to witnesses and did no trial preparation. Defendant claims Mr. Austin never communicated any plea offer and told him that he would not be facing jail time. Because of the sweeping allegations in this case, the discovery requests of the Government are not overbroad and pertain to the allegations at issue. Assuming Defendant's claims are true, Mr. Austin and Mr. Siddell should have very little discovery to produce. Therefore, given the allegations in this case, the Court finds the Government's request that the Court order a waiver of the attorney-client privilege and order Mr. Austin and Mr. Siddell to produce all materials in their possession pertaining to retainer agreements, billing statements, communications in any form, documentation of any meetings, court appearances, plea offers, investigation updates and trial strategy, is appropriate, and the Court GRANTS the Government's Motion. (ECF No. 125.)

## CONCLUSION

For the above reasons, the Court **GRANTS** the Government's Motion to Compel Discovery and Waive Attorney-Client Privilege. (ECF No. 125.) Mr. Austin and Mr. Siddell are ordered to produce to both the Government and Defense counsel (if they have not already done so):

> Any and all communications, notes and records in whatever form concerning the events and facts related to Defendant's claims, including any retainer agreements between counsel and Defendant, billing statements, and all communications-emails, text messages, notes from phone calls--between Defendant and Jacob Austin, George Siddell, or any of that counsels' associates, investigators or support staff regarding meetings, court appearances, plea offers, investigation updates and trial strategy.

Counsel are both ordered to produce these documents no later than December 20th.

Dated:   November 22, 2024

*Cynthia Bashant*
Honorable Cynthia Bashant
United States District Judge

20-CR-2670-BAS